**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| JAMES JONES, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:09-CV-090-C |
| | § | |
| ANGELO STATE UNIVERSITY, | § | |
| *Defendant.* | § | |

---

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

TO THE HONORABLE SAM CUMMINGS, UNITED STATES DISTRICT JUDGE:

Defendant ANGELO STATE UNIVERSITY ("ASU" or "The University"), hereby files its Original

Answer to Plaintiff's First Amended Complaint with Jury Demand, and in support thereof, would

show this Court the following:

**I.
ORIGINAL ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

For the Court's benefit, the numbering of this Original Answer and Affirmative Defenses to

Plaintiff's First Amended Complaint with Jury Demand tracks the numbering system used in the

Plaintiff's First Amended Complaint.

<u>I.  The Parties.</u>

1.1     Defendant admits that, at one time, Plaintiff was a resident of San Angelo, Tom Green

County, Texas, but denies that Plaintiff is/was such a resident "at all relevant times to this cause of action."

1.2.     Defendant admits the allegations of the first sentence of Paragraph 1.2; Defendant

further admits that it is "authorized" by the laws of the State of Texas and operates as a public

university, but denies that it is a "public corporation" and further denies that there is any provision of the Texas Constitution that specifically "authorizes" Defendant; Defendant is without sufficient knowledge and/or information to either admit or deny the remaining allegations of Paragraph 1.2, and must therefore, out of an abundance of caution, deny the same.

II. Jurisdiction and Venue

2.1.    Defendant admits that the cited federal statutes confer jurisdiction in this Court over the claims as pled.

2.2.    Defendant admits the allegations in Paragraph 2.2 of Plaintiff's First Amended Complaint with Jury Demand.

2.3.    Defendant admits the allegations in Paragraph 2.3 of Plaintiff's First Amended Complaint with Jury Demand.

2.4.    Defendant admits that the Court may, in its discretion, exercise its supplemental jurisdiction over the state law claims, to the extent such jurisdiction is not otherwise barred.

2.5.    Defendant admits the allegations in Paragraph 2.5 of Plaintiff's First Amended Complaint with Jury Demand.

2.6.    Defendant admits that a controversy exists between the Parties, but denies there is any jurisdiction separate and apart from the substantive causes of action set forth in Plaintiff's First Amended Complaint, which confer power upon this Court to adjudicate the legality and/or constitutionality of any rules and/or regulations at issue in this matter.

III. Procedural Background.

3.1.    Defendant admits the allegations contained in Paragraph 3.1 of Plaintiff's First Amended Complaint with Jury Demand.

3.2.     Defendant admits the allegations in the first sentence of Paragraph 3.2 of Plaintiff's First Amended Complaint with Jury Demand and further admits: (1) that the Plaintiff *voluntarily* dismissed his entire complaint in his original federal court suit, and (2) that the Plaintiff filed suit in state court in Travis County Texas; however, Defendant denies that Plaintiff's claims in state court were brought entirely "pursuant to state law;" further, Defendant denies that is moved to dismiss "a majority" of Plaintiff's claims, specifically noting that Defendant did *not* move to dismiss Plaintiff's Title VII claims at that time.

3.3.     Defendant admits that it timely removed Plaintiff's state court lawsuit to the Western District of Texas, Austin Division, because Plaintiff replead his federal Title VII claim in that state court lawsuit, thus creating a federal question permitting such removal; further, Defendant admits that it moved to transfer venue to this Court because the Plaintiff was blatantly forum-shopping and the cause had no connection whatsoever to either Travis County or the Western District of Texas, Austin Division.

3.4.     Defendant admits that Judge Sparks heard argument on motions from the Parties and then entered orders denying Plaintiff's motion for remand and granting Defendant's motion to transfer venue to this Court; Defendant further admits that we are now back before this Court, where the case should have remained from the beginning; further, with respect to Plaintiff's Footnote 3, Defendant denies that the footnote accurately reflects the Defendant's counsel's representations to Judge Sparks, and would assert that counsel stated only that he would not move to dismiss Plaintiff's then-pled state law-based claims on the ground that this Court had no jurisdiction since counsel invoked the Court's jurisdiction by removing the case to federal court in the first place.

## IV. Factual Background

4.1.     Defendant admits the allegations contained in Paragraph 4.1 of Plaintiff's First Amended Complaint with Jury Demand.

4.2.     Defendant admits all of the allegations contained in Paragraph 4.2 of Plaintiff's First Amended Complaint with Jury Demand, except that Defendant denies Plaintiff received "overall positive faculty and student evaluations" and was "overall visibly active in a broad spectrum of many extracurricular events at Angelo State."

4.3.     Defendant is without sufficient knowledge or information as to the nature and extent of Plaintiff's religious beliefs and/or the level of activity to which Plaintiff claims with respect to those beliefs, and must therefore, out of an abundance of caution, deny the allegations in the first sentence of Paragraph 4.3 of Plaintiff's First Amended Complaint with Jury Demand; further, Defendant denies the allegations in the second sentence of Paragraph 4.3 of Plaintiff's First Amended Complaint with Jury Demand.

4.4.     Defendant is without sufficient knowledge or information as to the Plaintiff's customs when beginning a new class, as well as the specifics to which Plaintiff would relate to students; therefore, Defendants can neither admit nor deny any of the allegations contained within the various statements in Paragraph 4.4 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same.

4.5.     Defendant is without sufficient knowledge or information as to the Plaintiff's customs when beginning a new class, as well as the specifics to which Plaintiff would relate to students; therefore, Defendant can neither admit nor deny any of the allegations contained within the various statements in Paragraph 4.5 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same, except that Defendant denies that the "valedictory remarks" identified in Paragraph 4.5 would be appropriate as alleged by Plaintiff.

4.6.     Defendant admits that McCamant told Plaintiff that Plaintiff was violating Rule 4.71, that the rule states substantially what Plaintiff claims it says, and that Plaintiff wrote an email

requesting additional explanation, but denies that McCamant ever mentioned religion, and denies that Plaintiff made any statements about his constitutional rights

4.7.     Defendant admits that Plaintiff sent an email requesting clarification of his violation of Rule 4.71, that he informed Plaintiff that he would refer the matter to Don Coers, and that Coers told McCamant that he would discuss the matter with the Texas State University System attorneys, but denies that he asked for any reasonable accommodation, and that he told Plaintiff that he "relayed Plaintiff's statements" to Coers.

4.8.     Defendant admits the statements contained in the first two sentences of Paragraph 4.8 of Plaintiff's First Amended Complaint with Jury Demand, but denies the allegations contained in the third sentence of Paragraph 4.8.

4.9.     Defendant denies the allegations contained in the first two sentences of Paragraph 4.9 of Plaintiff's First Amended Complaint with Jury Demand, admits that an email concerning a conversation between McCamant and Plaintiff about the general subject matter of Rule 4.71 was sent from McCamant to Coers on or around October 30, 2006, but denies that it "reiterated" the conversation as recounted by Plaintiff in Paragraph 4.9.

4.10.    Defendant admits the allegations contained in Paragraph 4.10 of Plaintiff's First Amended Complaint with Jury Demand.

4.11.    Defendant admits that Plaintiff applied for the position of Head of the Computer Science Department, but is without sufficient knowledge or information to admit or deny the date upon which that application was submitted, and must therefore deny the same.  Further, Defendant denies that Plaintiff was well qualified for the position.  Defendant further denies that Angelo State asked Plaintiff if he was interested in the position of department head and/or led him to believe the job was his if he wanted it.  Defendant further denies that it failed to give Plaintiff any meaningful

consideration when he applied for the department head position.  Finally, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 4.11 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same.

4.12.   Defendant admits that the person selected was Tim Roden, and that Roden was younger than Plaintiff.  Defendant denies that Roden was "significantly" less experienced and/or less qualified than Plaintiff for the position.  Defendant admits that Plaintiff was 51 years old.  Defendant denies that Roden did not meet minimum qualifications for the position.  Defendant denies the last sentence in Paragraph 4.12 of Plaintiff's First Amended Complaint with Jury Demand.

4.13.   Defendant denies the allegations contained in Paragraph 4.13 of Plaintiff's First Amended Complaint with Jury Demand.

4.14.   Defendant admits that Plaintiff asked for, received, and reviewed his personnel file; however, Defendant denies all other allegations contained in Paragraph 4.14 of Plaintiff's First Amended Complaint with Jury Demand.

4.15.   Defendant admits the allegations contained in Paragraph 4.15 of Plaintiff's First Amended Complaint with Jury Demand.

4.16.   Defendant admits the allegations in the first sentence of Paragraph 4.16 of Plaintiff's First Amended Complaint with Jury Demand; but denies the allegations contained in the second sentence of the paragraph.

4.17.   Defendant admits the allegations contained in the first sentence of Paragraph 4.17 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant admits that Plaintiff complained, but denies that Plaintiff mentioned discrimination.  Defendant admits the allegations

contained in the third sentence of the Paragraph.  Defendant admits that the remaining sentences quote directly from the referenced letter.

4.18.    Defendant admits that Roden changed the referenced policy, but is without sufficient knowledge or information to admit or deny the allegations concerning the date upon which the change was made, and must therefore out of an abundance of caution, deny the same.  Defendant denies the allegations contained in the second sentence of Paragraph 4.18 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant admits the allegations contained in the third sentence of Paragraph 4.18 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant denies the allegations contained in the fourth and fifth sentences of Paragraph 4.18 of Plaintiff's First Amended Complaint with Jury Demand.

4.19.    Defendant admits the allegations contained in the first sentence of Paragraph 4.19 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant admits the allegations in the second sentence of the paragraph concerning the reasons for scoring Plaintiff's evaluation in the manner it was scored, but denies that the reasons set forth were a pretext for anything.  Defendant denies the remaining allegations in Paragraph 4.19.

4.20.    Defendant admits the allegations contained in Paragraph 4.20 of Plaintiff's First Amended Complaint with Jury Demand.

4.21.    Defendant admits the allegations contained in the first sentence of Paragraph 4.21 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant denies the remaining allegations contained in the paragraph.

4.22.    Defendant denies the allegations contained in Paragraph 4.22 of Plaintiff's First Amended Complaint with Jury Demand.

4.23.    Defendant admits that Plaintiff was non-reappointed as alleged, but denies that Plaintiff had a "stellar semester" as alleged.  Defendant denies the remaining allegations contained in Paragraph 4.23 of Plaintiff's First Amended Complaint with Jury Demand

4.24.    Defendant admits the allegations contained in the first sentence of Paragraph 4.24 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant denies the remaining allegations contained in the paragraph.

4.25.    Defendant admits that Plaintiff faxed a document purporting to initiate a charge of discrimination to the EEOC, but denies that the Plaintiff alleged to anyone, particularly to anyone at Angelo State University in any meaningful way, that Plaintiff believed he had been non-reappointed for "constitutionally impermissible reasons" as alleged in the firs sentence of Paragraph 4.25 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant is without sufficient knowledge or information concerning the date(s) upon which Plaintiff did or did not receive a right-to-sue letter from either the EEOC or the TWC-CRD, and must therefore, out of an abundance of caution, deny the same.

4.26.    Defendant admits the allegations contained in the first sentence of Paragraph 4.26 of Plaintiff's First Amended Complaint with Jury Demand.  Defendant denies the remaining allegations contained in the paragraph.

4.27.    Defendant denies the allegations contained in Paragraph 4.27 of Plaintiff's First Amended Complaint with Jury Demand.

V.  Causes of Action.

5.1.    This allegation is prefatory and does not require a response; however, to the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.1 of Plaintiff's First Amended Complaint with Jury Demand, and therefore, out of an abundance of caution, must deny the same.

A.  Count One: Violations of Title VII of the Civil Rights Act of 1964

5.2.    To the extent necessary, Defendant reasserts its specific admissions and denials of all matters raised in Paragraphs 1.1-5.1 above.

5.3.    Defendant admits that Title VII prohibits discrimination and retaliation as alleged, but denies that Defendant has engaged in any such discriminatory or retaliatory activity; further, Defendant denies all remaining allegations contained in Paragraph 5.3 of Plaintiff's First Amended Complaint with Jury Demand.

5.4.    Defendant admits that retaliation for exercising rights protected by Title VII is prohibited by Title VII, but denies all other allegations asserted in Paragraph 5.4 of Plaintiff's First Amended Complaint with Jury Demand.

5.5.    Defendant admits the allegations contained in the first sentence of Paragraph 5.5 of Plaintiff's First Amended Complaint with Jury Demand, but denies all other allegations contained in the paragraph.

5.6.    Defendant denies the allegations in Paragraph 5.6 of Plaintiff's First Amended Complaint with Jury Demand.

5.7.    Defendant denies the allegations in Paragraph 5.7 of Plaintiff's First Amended Complaint with Jury Demand.

5.8.    Defendant denies the allegations in Paragraph 5.8 of Plaintiff's First Amended Complaint with Jury Demand.

B.  Count Two:  Violations of Chapter 21 of the Texas Labor Code

5.9.    This allegation is prefatory and does not require a response; however, to the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 5.9 of Plaintiff's First Amended Complaint with Jury Demand, and therefore, out of an abundance of caution, must deny the same.

5.10.    Defendant admits that Chapter 21 of the Texas Labor Code prohibits employers, including the Defendant, from discriminating and/or retaliating against employees on the basis of religion and/or age, but denies all remaining allegations in Paragraph 5.10 of Plaintiff's First Amended Complaint with Jury Demand.

5.11.    Defendant denies the allegations in Paragraph 5.11 of Plaintiff's First Amended Complaint with Jury Demand.

5.12.    Defendant denies the allegations in Paragraph 5.12 of Plaintiff's First Amended Complaint with Jury Demand.

5.13.    Defendant admits that the first sentence of Paragraph 5.13 of Plaintiff's First Amended Complaint with Jury Demand generally states truthful conclusions about the scope of Chapter 21 of the Texas Labor Code; however, Defendant denies all remaining allegations in Paragraph 5.13 of Plaintiff's First Amended Complaint with Jury Demand.

5.14.    Defendant denies the allegations in Paragraph 5.14 of Plaintiff's First Amended Complaint with Jury Demand.

5.15.    Defendant denies the allegations in Paragraph 5.15 of Plaintiff's First Amended Complaint with Jury Demand.

C.  Count Three:  Violations of the Texas Religious Freedom Restoration Act.

5.16.    This allegation is prefatory and does not require a response; however, to the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.16 of Plaintiff's First Amended Complaint with Jury Demand, and therefore, out of an abundance of caution, must deny the same.

5.17.    Defendant denies the allegations in Paragraph 5.17 of Plaintiff's First Amended Complaint with Jury Demand.

5.18.    Defendant denies the allegations in Paragraph 5.18 of Plaintiff's First Amended Complaint with Jury Demand.

D.  Count Four:  Violations of the Texas Constitution.

5.19.    This allegation is prefatory and does not require a response; however, to the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.19 of Plaintiff's First Amended Complaint with Jury Demand, and therefore, out of an abundance of caution, must deny the same.

5.20.    Defendant denies the allegations in Paragraph 5.20 of Plaintiff's First Amended Complaint with Jury Demand.

5.21.    Defendant denies the allegations in Paragraph 5.21 of Plaintiff's First Amended Complaint with Jury Demand.

5.22.    Defendant denies the allegations in Paragraph 5.22 of Plaintiff's First Amended Complaint with Jury Demand.

5.23.    Defendant denies the allegations in Paragraph 5.23 of Plaintiff's First Amended Complaint with Jury Demand.

5.24.    Defendant denies the allegations in Paragraph 5.24 of Plaintiff's First Amended Complaint with Jury Demand.

5.25.    Defendant denies the allegations in Paragraph 5.25 of Plaintiff's First Amended Complaint with Jury Demand.

5.26.    Defendant denies the allegations in Paragraph 5.26 of Plaintiff's First Amended Complaint with Jury Demand.

5.27.    Defendant denies the allegations in Paragraph 5.27 of Plaintiff's First Amended Complaint with Jury Demand.

### E.  Count Five:  Breach of Contract

5.28.    This allegation is prefatory and does not require a response; however, to the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.28 of Plaintiff's First Amended Complaint with Jury Demand, and therefore, out of an abundance of caution, must deny the same.

5.29.    Defendant denies the allegations in Paragraph 5.29 of Plaintiff's First Amended Complaint with Jury Demand.

5.30.    Defendant denies that Texas Tech University System's rules entitle the Plaintiff, or any employee to the relief specified in Paragraph 5.30 of Plaintiff's First Amended Complaint with Jury Demand absent the filing of a formal appeal by the aggrieved employee, a procedure with which Plaintiff did not comply.

5.31.    Defendant denies the allegations in Paragraph 5.31 of Plaintiff's First Amended Complaint with Jury Demand.

5.32.    Defendant denies the allegations in Paragraph 5.32 of Plaintiff's First Amended Complaint with Jury Demand.

5.33.    Defendant denies the allegations in Paragraph 5.34 of Plaintiff's First Amended Complaint with Jury Demand.

5.34.    Defendant denies the allegations in Paragraph 5.34 of Plaintiff's First Amended Complaint with Jury Demand.

F:  Count Six:  Federal Declaratory Judgment Act Claim

5.35.    This allegation is prefatory and does not require a response; however, to the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.35 of Plaintiff's First Amended Complaint with Jury Demand, and therefore, out of an abundance of caution, must deny the same.

5.36.    Defendant denies the allegations in Paragraph 5.36 of Plaintiff's First Amended Complaint with Jury Demand.

5.37.    Defendant denies the allegations in Paragraph 5.37 of Plaintiff's First Amended Complaint with Jury Demand.

VI.      Requested Relief

6.1.    Defendant denies that Plaintiff has suffered any damages of any kind as a result of any actions taken by the Defendant; and further, Defendant denies all of the remaining allegations in Paragraph 6.1 of Plaintiff's First Amended Complaint with Jury Demand.

6.2.    Defendant is without sufficient knowledge or information to admit or deny the manner in which Plaintiff attempts to sue Defendant and/or allege claims for damages against the Defendant, to either admit or deny the allegations contained in Paragraph 6.2 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same; further, to the extent Plaintiff claims that Defendant's conduct violated Title VII or any statute, Defendant specifically denies such allegations in this paragraph.

6.3.    Defendant is without sufficient knowledge or information to admit or deny the manner in which Plaintiff attempts to sue Defendant and/or allege claims for damages against the Defendant, to either admit or deny the allegations contained in Paragraph 6.3 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny

the same; further, to the extent Plaintiff claims that Defendant's conduct violated Chapter 21 of the Texas Labor Code or any statute, Defendant specifically denies such allegations in this paragraph.

6.4.    Defendant is without sufficient knowledge or information to admit or deny the manner in which Plaintiff attempts to sue Defendant and/or allege claims for damages against the Defendant, to either admit or deny the allegations contained in Paragraph 6.4 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same; further, to the extent Plaintiff claims that Defendant's conduct violated the Texas Religious Freedom Restoration Act or any statute, Defendant specifically denies such allegations in this paragraph.

6.5.    Defendant is without sufficient knowledge or information to admit or deny the manner in which Plaintiff attempts to sue Defendant and/or allege claims for damages and/or any other relief against the Defendant, to either admit or deny the allegations contained in Paragraph 6.5 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same; further, to the extent Plaintiff claims that Defendant's conduct violated the Texas Constitution, Defendant specifically denies such allegations in this paragraph.

6.6.    Defendant is without sufficient knowledge or information to admit or deny the manner in which Plaintiff attempts to sue Defendant and/or allege claims for damages and/or any other relief against the Defendant, to either admit or deny the allegations contained in Paragraph 6.6 of Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same; further, to the extent Plaintiff claims that Defendant's conduct breached some contract between the Plaintiff and Defendant, Defendant specifically denies such allegations in this paragraph.

6.7.    Defendant is without sufficient knowledge or information to admit or deny the manner in which Plaintiff attempts to sue Defendant and/or allege claims for declaratory relief against the Defendant, to either admit or deny the allegations contained in Paragraph 6.6 of

Plaintiff's First Amended Complaint with Jury Demand, and must therefore, out of an abundance of caution, deny the same; further, to the extent Plaintiff claims that Defendant's conduct gives rise to a claim for declaratory and/or injunctive relief under the Federal Declaratory Judgment Act, Defendant specifically denies such allegations in this paragraph.

6.8.   Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 6.8 of Plaintiff's First Amended Complaint with Jury Demand, and denies that any such requested relief is warranted under this lawsuit; further, Defendant denies that Plaintiff has suffered any injury, irreparable or otherwise in the absence of the relief requested by the Paragraph, as the relief requested does not even pertain to the Plaintiff, who is no longer employed by the Defendant; finally, Defendant denies that Plaintiff is without any adequate remedy at law, as Plaintiff has already pled at least FOUR causes of action claiming damages, which by all estimates of reasoned thought, constitutes an adequate *legal* remedy.

## II.
## AFFIRMATIVE DEFENSES

Pleading further, Defendants respectfully assert the following affirmative defenses to each claim to which the may apply:

1.   Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with respect to all claims premised on events occurring on or before June 13, 2008 under Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act) because Plaintiff failed to timely file a charge of discrimination within 180 days of the date upon which he knew or should have known that he had been subjected to any adverse employment action(s) giving rise to those claims;

2.   Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with respect to all claims premised on events occurring on or before February 14, 2008 under Title VII of

the Civil Rights Act of 1964, as amended, because Plaintiff failed to timely file a charge of discrimination within 300 days of the date upon which he knew or should have known that he had been subjected to any adverse employment action(s) giving rise to those claims;

3.     Defendant asserts that Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, are barred in total by the statute of limitations because Plaintiff has failed to bring those claims in this Court within 90 days of the date upon which the Plaintiff received his right-to-sue letter from the EEOC;

4.     Defendant asserts that it took the complained of actions against the Plaintiff for legitimate, non-discriminatory, non-retaliatory reasons;

5.     Defendant asserts that it would have taken the actions complained of regardless of whether or not any allegedly discriminatory and/or retaliatory reasons may have existed;

6.     Defendant asserts that Plaintiff's claim under the Texas Religious Freedom Restoration Act is barred because the Plaintiff has failed to exhaust all statutory prerequisites to suit; in particular, Plaintiff has failed to provide statutory notice sixty days before bringing this claim, as required by TEX. CIV. PRAC. & REM. Code § 110.006;

7.     Defendant asserts that Plaintiff's claim under the Texas Religious Freedom Restoration Act is barred by the statute of limitations because Plaintiff has failed to bring that claim within one year of the date upon which Plaintiff knew or should have known of the alleged substantial burden on his free exercise of religion as provided in Tex. Civ. Prac. & Rem. Code § 110.007;

8.     Defendant asserts that, to the extent Plaintiff sues the Defendant for money damages for alleged violations of the Texas Constitution, those claims are specifically barred as a matter of law because there is no mechanism for suit for damages against a state entity. *City of Beaumont v. Bouillion,* 896 S.W.2d 143 (Tex.1995);

9.      Defendant asserts Plaintiff has failed to state a cognizable claim for attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code because that statute permits recovery of attorneys' fees only against "individuals" or "corporations," not state agencies. *State of Texas v. Bodisch,* 775 S.W.2d 73 (Tex.App.—Austin 1989)(State and its agencies are not individuals or corporations as contemplated by CPRC Ch. 38);

10.     Defendant asserts that Plaintiff's Federal Declaratory Judgment Act claims are barred as a matter of law because they are subsumed by the substantive causes of action pled;

11.     Defendant asserts that Plaintiff's Federal Declaratory Judgment Act claims pertaining to alleged incidents occurring before August 11, 2007, are barred by the statute of limitations;

12.     Defendant reserves the right to plead additional affirmative defenses as they become known to the Defendant.

## III.
## CONCLUSION AND PRAYER

FOR THE FOREGOING REASONS, Defendant respectfully prays that that the Court enter judgment for the Defendant, against the Plaintiff, and grant Defendant such affirmative relief as the Court may deem just and appropriate, including costs of court, attorneys' fees, and such other further relief the Court may deem appropriate.

Respectfully submitted,

GREG ABBOTT
Texas Attorney General

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Daniel C. Perkins
**DANIEL C. PERKINS**
Attorney-in-Charge
Texas Bar No. 24010301
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
dan.perkins@oag.state.tx.us

*ATTORNEYS FOR DEFENDANT*


## CERTIFICATE OF SERVICE

I certify that a copy of the above *Defendant's Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint with Jury Demand* was served by the following manner, on the **1ˢᵗ day of April 2010,** upon the following individuals at the listed addresses:

Frank W. Hill                      __X__ Via CM/ECF email
Frank Gilstrap                     _____ Via Certified Mail Return Receipt Requested
Michael Y. Kim                     _____ Via Facsimile (817) 861-4685
HILL GILSTRAP                      _____ Via Regular Mail
1400 W Abram St
Arlington , TX 76013

*ATTORNEYS FOR PLAINTIFF*


/s/ Daniel C. Perkins
**DANIEL C. PERKINS**
Assistant Attorney General
General Litigation Division