IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| DR. JAMES JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELO STATE UNIVERSITY, | ) | |
| | ) | Civil Action No. 6:09-CV-090-C |
| Defendant. | ) | ECF |

**ORDER**

On this date, the Court considered:

(1)     Defendant Angelo State University's ("the University") Rule 56 and Rule 12(c)

Motions for Summary Judgment and/or Judgment on the Pleadings, Brief, and

Appendix, filed January 29, 2011; and

(2)     Plaintiff Dr. James Jones's ("Jones") Response, Brief, and Appendix, filed

March 4, 2011.

After considering the following arguments and authorities, the Court **GRANTS** the University's

motion for summary judgment in part and **REMANDS** the remaining claims.

**I.  BACKGROUND**

Jones was a faculty member in the Computer Science Department at the University from

the fall of 2005 until May 2009.  On June 13, 2008, Joseph Rallo, President of the University,

issued Jones a non-reappointment letter informing him that the 2008-2009 academic year would

be his last at the University.  Jones then filed a charge of discrimination with the EEOC and the

Texas Workforce Commission on December 10, 2008, alleging that he was subjected to

harassment, denied a promotion, and ultimately non-reappointed because of his religious beliefs, his age, and in retaliation for complaining about religious discrimination.[1]  The EEOC issued Jones a right-to-sue letter on April 23, 2009.

Jones originally filed his lawsuit in this Court on July 10, 2009, which was assigned Civil Action No. 6:09-cv-00065-C; however, he ultimately moved to voluntarily dismiss his case, which this Court granted without prejudice on August 18, 2009.  Jones then re-filed his lawsuit in the 419th Judicial District Court of Travis County, Texas, on August 11, 2009.  The University subsequently removed the case, based on federal question jurisdiction, to the Western District of Texas, Austin Division, which in turn transferred the case to this Court.

In his complaint, Jones raises claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); the Texas Commission on Human Rights Act, Texas Labor Code §§ 21.051, 21.055, and 21.108; Article I, § 8 of the Texas Constitution; the Texas Religious Freedom Restoration Act, Texas Civil Practice & Remedies Code, §§ 110.001, *et seq.*, and for breach of contract and declaratory judgment related to his state-law claims.  In addition to a number of procedural defenses, the University asserts that its actions were not motivated by discrimination, retaliation, or any other impermissible means of any kind.

## II.  STANDARD

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The evidence must be viewed in the light most favorable to the non-moving party.  *TIG Specialty Ins. Co. v. Pinkmonkey.com, Inc.*, 375 F.3d 365, 369 (5th Cir. 2004).

---

[1]Jones's age-related claim is not at issue in the case at bar.

## III.  DISCUSSION

*a.  Title VII Claims Are Barred*

Jones's Title VII claims are barred because he failed to file his lawsuit within ninety days of the date he received his right-to-sue letter.  A plaintiff must exhaust his administrative remedies before filing a Title VII claim in federal court.  42 U.S.C. § 2000e-5(e)(1); *see Pacheco v. Mineta*, 448 F.3d 783, 788 & n.7 (5th Cir. 2006).  The receipt of a right-to-sue letter exhausts administrative remedies as required by law.  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).  Title VII also requires that a civil action must be commenced within ninety days after the charging party receives his right-to-sue letter from the EEOC or state or local agency. § 2000e-5(f)(1); *Dao*, 96 F.3d at 789.  "The ninety-day window is strictly construed and is a precondition to filing suit in district court."  *Duron v. Albertson's L.L.C.*, 560 F.3d 288, 290 (5th Cir. 2009) (internal quotation marks omitted).  When the plaintiff fails to allege the specific date upon which he actually received the right-to-sue letter, the court may presume that the plaintiff received the letter within seven days after the EEOC mailed it.  *See Taylor v. Books A Million*, 296 F.3d 376, 379-80 (5th Cir. 2002).

The EEOC issued Jones's letter on April 23, 2009.  Jones testified in his deposition that he received the letter on April 26, 2009, or soon thereafter.  Therefore, giving him the benefit of the seven-day presumption, Jones is presumed to have received his right-to-sue letter by April 30, 2009.  Yet, he did not file the instant lawsuit in the 419th District Court of Travis County until August 11, 2009, approximately 103 days after April 30, 2009.  Therefore, Jones failed to file his lawsuit within ninety days of receiving his right-to-sue letter, and the University is entitled to judgment as a matter of law as to all of Jones's Title VII claims.  *Taylor*, 296 F.3d at 380

(affirming district court's dismissal of plaintiff's Title VII claims as untimely because plaintiff did not file suit until the 91st day after receiving right-to-sue letter).

Jones argues that the first lawsuit he filed in this Court, which was filed within the 90-day window, tolled the limitations period and therefore the second filing should be considered timely.  Yet the dismissal of a timely filed Title VII complaint does not toll the 90-day limitations period for a subsequent suit.  *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (second Title VII lawsuit time-barred following dismissal of first lawsuit); *see Berry v. Cignasarsi-Cigna*, 975 F.2d 1188, 1192 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period.").

The Court is also of the opinion that Jones is not entitled to equitable tolling.  Equitable tolling typically applies where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  There is no evidence in the record that the University in any way induced or tricked Jones into allowing the filing deadline to pass.

As for the first lawsuit Jones filed, his motion for voluntary dismissal came only after the University moved to dismiss his complaint, save the Title VII claims, primarily on Eleventh Amendment Immunity grounds.[2]  Nothing in Jones's initial pleadings appears to be defective,

---

[2]While not clear from the record, the Court is led to believe that Jones dismissed his first case in federal court and re-filed in state court in order to avoid the University's Eleventh Amendment Immunity defense.

and his attempt to skirt around the University's Eleventh Amendment Immunity defense should

not be rewarded through the imposition of equitable tolling, especially in light of the fact that the

University lodged no challenge to his Title VII claims.  As such, Jones's Title VII claims are

time-barred, and the University is entitled to judgment as a matter of law.  Therefore, the Court

**GRANTS** the University's Motion for Summary Judgment as to Jones's Title VII claims.

*b.  The Remainder of Jones's Claims Should Be Remanded*

The University removed this case solely on the basis of federal question jurisdiction,

specifically Jones's asserted Title VII claims.  *See* 28 U.S.C. §§ 1331 & 1441.  With the

dismissal of Jones's federal claims, the only remaining alleged causes of action involve

violations of the Texas Constitution and other state statutory and common-law claims[3] (i.e., there

are no remaining claims arising under the Constitution, laws, or treaties of the United States).

This Court has the discretion either to retain the claims that are pending currently or to remand

them to state court, and the general rule in the Fifth Circuit is to remand the state-law claims

when the federal claims are dismissed.  *See Parker & Parsley Petroleum Co. v. Dresser Indus.*,

972 F.2d 580, 585 (5th Cir. 1992); 28 U.S.C. § 1367(c).

> The district courts may decline to exercise supplemental
> jurisdiction over a [related] claim . . . if:
> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims
> over which the district court has original jurisdiction,

---

[3]Jones has also requested that the Court enter a declaratory judgment regarding issues of state law.  The Court declines to comment on the manner in which this request should be resolved, except to state that Jones's request does not implicate any independent jurisdictional basis under federal law.

> (3)  the district court has dismissed all claims over which it has
> original jurisdiction, or
>
> (4)  in exceptional circumstances, there are other compelling
> reasons for declining jurisdiction.

§ 1367(c).  Other common-law factors related to the decision of whether to exercise

supplemental jurisdiction include judicial economy, convenience, fairness, and comity.

*Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).  The Court has considered the above

factors and concludes that, as a whole, they militate in favor of remand.

First, as mentioned above, the Court has dismissed all claims over which it has original

jurisdiction, leaving only claims that raise many novel or complex issues of state law.  To

adjudicate these claims, the Court would be required to expound on issues regarding

interpretation of the Texas Constitution and the Texas Religious Freedom Restoration Act, a

state statute with a relatively scant history of interpretive case law.[4]  Furthermore, Jones's breach

of contract claim is atypical, invoking novel legal theories as to the contractual nature of a state

university's academic freedom policy and whether rules and regulations constitute terms of

employment.

As for judicial economy, the parties have made relatively few filings to date.  The Court

has not been asked to resolve any discovery disputes and, save the instant motions for summary

judgment and judgment on the pleadings, no other dispositive motions have been filed.

Therefore, judicial economy would not be offended by remand of the remaining issues.  Finally,

because federal courts are courts of limited jurisdiction and because issues of state law are better

---

[4]Although the state act is similar in many aspects to the federal Religious Freedom
Restoration Act, 42 U.S.C. §§ 2000bb, *et seq.*, the case at bar raises issues of notice and
limitations that are dissimilar from the federal act.

resolved in state courts, the interest of comity also favors remand. *See Parker & Parsley*, 972 F.2d at 588-90 & n.12 ("[T]he interests of comity and federalism are better served when federal courts avoid *unnecessary* determinations of state law.") (emphasis in the original).

Therefore, because the above considerations militate against the exercise of supplemental jurisdiction, the Court is of the opinion that Jones's remaining state-law claims should be **REMANDED** to the state court for further adjudication.

## IV.  CONCLUSION

For the reasons stated herein,

(1)    Defendant Angelo State University's Motion for Summary Judgment as to Jones's Title VII claims is **GRANTED**; and

(2)    the remainder of Jones's claims are **REMANDED** to the 419th Judicial District Court of Travis County, Texas.  The Clerk of this Court shall mail a certified copy of this order to the District Clerk of Travis County, Texas.

SO ORDERED this 10th day of March, 2011.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE